# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1140V
Filed: July 26, 2023

| | |
|---|---|
| KERRIE BURKETT,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Special Master Daniel Horner |

*Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ,* for petitioner.
*Jamica Marie Littles, U.S. Department of Justice, Washington, DC,* for respondent.

## RULING ON ENTITLEMENT[1]

On March 31, 2021, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 30, 2017 influenza ("flu") vaccination. Petition at 1.

On July 13, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 10-11. Specifically, Respondent states that:

> [P]etitioner had no history of left shoulder pain, inflammation, or dysfunction prior to her October 2020 flu vaccination that would explain the alleged symptoms and examination findings occurring after her vaccine injection.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa.

> In addition, petitioner more likely than not suffered the onset of her left shoulder pain within forty-eight hours of her flu vaccine administration; and her left shoulder pain and reduced range of motion were limited to the should in which the vaccine was administered.  There is no other condition or abnormality present that would explain petitioner's symptoms.

*Id.*  Respondent further agrees that "the existing records show that this case was timely filed, that petitioner received her October 2020 flu vaccination in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her left shoulder injury for more than six months after vaccine administration." *Id.* at 11.  However, respondent limits his concession "to petitioner's left-sided SIRVA and its resulting sequelae only."  *Id.*  On July 18, 2023, petitioner filed a status report, confirming her agreement that a ruling should be issued subject to the limitations of respondent's concession.  (*See* ECF No. 43.)

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation for her left-sided SIRVA and its resulting sequelae.**

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master
